**328**

### STECK et v STATE ex SQUIRE

Ohio Appeals, 9th Dist, Medina Co

No 143.   Decided Nov 5, 1937

John A. Weber, Medina, and Van Epp, & Porter, Medina, for plaintiffs in error.

Herbert S. Duffy, Atty. Gen., Columbus, and George S. Courtney, Akron, and Raymond B. Bennett, Medina, Special Counsel, for defendant in error.

### OPINION

PER CURIAM

This case has heretofore been before the Supreme Court of the State of Ohio, was decided by that court, and a rather exhaustive opinion written by said court. In that case, captioned "State ex Squire, Supt. of Banks, appellant v Steck et, appellees," and reported in 132 Oh St 198, the court in Syllabus 2, stated the following:

"2.   Secs 710-1 and 710-95, GC, taken together, sufficiently empower the superintendent of banks in charge of the liquidation of an insolvent, unincorporated bank to institute and maintain an action against the owners thereof to enforce their personal liability to the creditors thereof."

The cause was remanded to this court for consideration of other questions, and in the present hearing the only point urged by counsel for plaintiffs in error is that the superintendent of banks did not, before this suit was begun "ascertain that the assets of such bank would be insufficient to pay its debts and liabilities."

In said opinion of the Supreme Court, said court construed the record now before us in this case as establishing that:

"The liquidating agent, representing the superintendent, dealt with the assets and liabilities of the Farmers Bank nearly a year and a half, distributed a fifty per cent dividend and made an estimate of the additional outside amount it would take to pay creditors and other expenses."

We find that the only reasonable inference to be drawn from the record is that said liquidating agent, representing said superintendent, reported to said superintendent, before this action was begun, said estimate and the information upon which it was based.

The Supreme Court, in referring to this portion of the record, and immediately following the quotation hereinbefore made, observed that:

"Approval of such calculations by the superintendent is clear, for he instituted and sponsored the action against the individual partners."

In view of the foregoing, and upon the record now before us, we cannot but regard the opinion of the Supreme Court as determining that before suit was begun the superintendent of banks ascertained that the assets of such bank would be insufficient to pay its debts and liabilities.

As to the question of whether or not the amount demanded by the superintendent "is too large and included improper items" if this court, in view of said ascertainment by the superintendent, is empowered to determine that question, we cannot find from the record herein that said amount is too large or that it includes improper items.

Therefore, we are of the opinion that no alternative is left to this court except to affirm the judgment of the trial court, and it is accordingly so ordered.

STEVENS, PJ, WASHBURN and DOYLE JJ, concur in judgment.